**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: January 26 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 06-33227 |
| | ) | |
| SAI Holdings Limited, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Adv. Pro. No. 07-3066 |
| | ) | |
| James W. Adcock, Jr., et al., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Athol Manufacturing Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Plaintiffs' unopposed Motion for Partial Summary Judgement [Doc. # 56]. In their First Amended Class Action Complaint, Plaintiffs, on behalf of themselves and other employees similarly situated, allege that they were terminated from their employment at Defendant Athol Manufacturing Corporation ("Athol") due to mass layoffs and/or a plant closing and assert claims for wages and other benefits, alleging that Defendants Athol and SAI Holdings Limited ("SAI")

failed to provide adequate notice of the mass layoff and/or plant closing as required under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act" or "the Act").[1] The court certified the following plaintiff WARN Act class: "All employees of Defendants who were terminated by Defendants as part of, or as a result of, mass layoffs and/or a plant closing at an Athol Manufacturing Corp. manufacturing plant facility located in Butner, North Carolina, such mass layoff and/or plant closing and attendant terminations occurring in March 2007, and thereafter."[2] [Doc. # 37]. Defendants are debtors in jointly administered Chapter 11 cases. [Case Nos. 06-33227 & 06-33228]. In their motion, Plaintiffs move for partial summary judgment on the issue of Defendants' liability to Plaintiffs under the WARN Act. In addition, they request a finding that Defendants are not entitled to a good faith defense to reduce their WARN Act liability.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. Proceedings to determine claims against a debtor are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the following reasons, Plaintiff's motion will be granted as to Athol and denied as to SAI.

## **FACTUAL BACKGROUND**

The following facts are admitted by Defendants in their Answer. The ten Plaintiffs in this proceeding are former employees of Athol who worked at Athol's manufacturing facility in Butner, North Carolina ("the Plant"). [Answer, ¶ 5]. Defendants admit that eight of the ten Plaintiffs were terminated from their employment at the Plant between March 7 and 16, 2007. [*Id.* at ¶¶ 7-14]. According to Defendants, Plaintiff James W. Adcock and Rotonya Wilcox were terminated on or about May 4, 2007, and April 6, 2006, respectively.[3] [*Id.* at ¶¶ 6 & 15]. As to all of the Plaintiffs, termination from their employment was

---

[1] Plaintiffs also allege claims of breach of contract and of a violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.,* based on allegations that Defendants failed to pay their terminated employees earned and/or credited, but unused, vacation hours. Agreed orders allowing the employees' vacation pay claims as administrative expenses have been entered in the underlying bankruptcy case. [Case No. 06-33227, Doc. ## 1406 & 1407].

[2] The court also certified a Vacation Pay Sub-Class, the claims of which are not at issue in this motion.

[3] In their amended complaint, Plaintiffs allege that James Adcock and Rotonya Wilcox were terminated on or about March 9, 2007. However, viewing the facts in a light most favorable to the nonmovant as the court must do on summary judgment, the court will assume the dates are as admitted by Defendants in their Answer.

2

not a discharge for cause, a voluntary departure, or a retirement. [*Id.* at ¶¶ 6-15]. Rather, their employment was terminated as a result of the closing of the Plant. [*Id.* at ¶¶ 5 & 22]. Defendants admit that Athol was an "employer" and that the closing of the Plant was a "plant closing," as those terms are defined in the WARN Act. [*Id.* at ¶¶ 28 & 29]. They further admit that, as a result of the employment terminations in connection with the closing of the Plant, each of the Plaintiffs suffered an "employment loss" as that term is defined in the WARN Act. [*Id.* at ¶ 31]. Athol paid no wages, salaries, commissions, bonuses, or vacation pay to Plaintiffs following their employment termination. [*Id.* at ¶ 33].

Defendants admit that they did not provide Plaintiffs or their representatives with sixty days prior written notice of the closing of the Plant. [*Id.* at ¶ 26]. However, on March 8, 2007, Athol sent a letter to the North Carolina Department of Commerce stating as follows:

> This letter is to give you formal notification under the Worker Adjustment and Retraining Notification Act ("WARN") that Athol Manufacturing Corporation plans to permanently lay off certain employees at its facility at 100 22nd Street, NC 27509.
>
> The layoffs are expected to commence on March 9, 2007. It is anticipated that the first separations from employment as a result of the layoffs will occur on that date. The layoffs will affect 100 or more employees.

[Complaint, ¶ 27 & attached Ex. A; Answer, ¶ 27]. The only other evidence of written notice is a letter dated March 16, 2007, sent by Athol to representatives of the Glass, Molders, Pottery, Plastics & Allied Workers International Union, AFL-CIO CLC ("Union"), the exclusive collective bargaining representative of Athol's production and maintenance employees.[4] That letter provides in its entirety:

> This is to advise you that the management of Athol Manufacturing Corporation (the "Company") plans to lay off employees at its facilities located at 100 22nd Street, Butner, NC 27509. The lay offs are expected to be permanent. This layoff is anticipated to commence on March 16, 2007, and will continue until proper manpower adjustments are made dependent on customer demands.
>
> Attached is a list of all bargaining unit job titles or classifications affected, the number of employees involved in each classification and the names of the persons currently holding these positions. The anticipated schedule of separations will be discussed weekly in the Company manpower meetings in conjunction with the terms and conditions of the

---

[4] The Union's representation of Athol's employees has been made clear in proceedings in the underlying Chapter 11 case, of which the court takes judicial notice. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

3

current Collective Bargaining Agreement.

If you need further information regarding this lay off, please contact Karen Bird, Human Resources Manager, 919/575-3881.

[Pl. Ex. B].[5] The list attached to the March 16 letter includes the names of all of the Plaintiffs with the exception of Rotonya Wilcox, whose name does not appear on the list. [*Id.*].

Finally, Athol is a Chapter 11 debtor in the underlying bankruptcy case jointly administered with SAI's Chapter 11 case. [*See* Case Nos. 06-33227 and 06-33228]. It is clear from the proceedings in the underlying case and the contents of the docket in those cases that the only facility operated by Athol is the facility located in Butner, North Carolina.[6]

## LAW AND ANALYSIS

**I. Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials

---

[5] This letter has not been authenticated by Plaintiffs. Generally, to be considered by the court at the summary judgment stage, "'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quoting *Oris v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990); *see* Fed. R. Evid. 901(a). However, Defendant has not objected to the document, so the court will consider it for purposes of this motion.

[6] The court takes judicial notice of the proceedings in those cases and the contents of its docket in those cases. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2).

4

of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*. Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992).

## II. Plaintiffs' WARN Act Claims

The purpose of the WARN Act is to protect workers, their families and communities from plant closings and mass layoffs without advance notice. 20 C.F.R. § 639.1(a). "Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." *Id.* The WARN Act thus imposes the following mandate on employers:

> An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order –
>
> (1) to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee; and
>
> (2) to the State or entity designated by the State to carry out rapid response activities . . . and the chief elected official of the unit of local government within which such closing or layoff is to occur.

29 U.S.C. § 2102(a).

Under the WARN Act, there are three circumstances under which reduction of the sixty-day notification period is permitted. Those circumstances are (1) the "faltering company" exception, which permits a reduction if the employer reasonably and in good faith believed that giving the required notice would have precluded it from obtaining needed capital or business that it was actively seeking at the time notice would have been required; (2) a plant closing or mass layoff caused by business circumstances not reasonably foreseeable at the time notice would have been required; and (3) a plant closing or mass layoff due to a natural disaster. 29 U.S.C. §2102(b)(1) and (2); 20 C.F.R. § 639.9. However, an employer relying on one of these exceptions "shall give as much notice as is practicable and at the time shall give a brief statement of the basis for reducing the notification period." 29 U.S.C. § 2102(b)(3); 20 C.F.R. § 639.9. In

5

the applicable regulations, the Secretary of Labor recognizes that "as much notice as is practicable" may, in some circumstances, be notice after the fact. 20 C.F.R. § 639.9. In any event, an employer may not rely on one of the exceptions unless, at the time notice is given, it provides the brief statement of the basis for reducing the notification period required under § 2102(b)(3). *Id.*; *Barnett v. Jamesway Corp. (In re Jamesway Corp.)*, 235 B.R. 329, 340 (Bankr. S.D.N.Y. 1999) (finding that employer did not explain, let alone address, why it failed to give a full sixty-day notice of termination of plaintiffs' employment and it, therefore, failed to give proper notice under the WARN Act); *see Alarcon v. Keller Indus.*, 27 F.3d 386, 389 (9th Cir. 1994) (explaining that the "brief statement" required under § 2102(b)(3) is an additional element of "notice" under the Act). The WARN Act being remedial legislation, its exceptions are construed narrowly. *Local Union 7107 v. Clinchfield Coal Co.*, 124 F.3d 639, 640-41 (4th Cir. 1997) (citing *Carpenters Dist. Council of New Orleans v. Dillard Dep't Stores, Inc.*, 15 F.3d 1275, 1282 (5th Cir.1994)). An employer relying on an exception bears the burden of persuasion that the conditions for the exception have been met. 20 C.F.R. § 639.9; *Clinchfield Coal Co.*, 124 F.3d at 641.

An employer who orders a plant closing without providing the notice required under § 2102 is liable to each employee who suffers an employment loss as a result of such closing for back pay and benefits "calculated for the period of the violation, up to a maximum of 60 days, but in no event for more than one-half the number of days the employee was employed by the employer. 29 U.S.C. § 2104(a)(1).

In this case, there is no dispute that Athol is an "employer" under the WARN Act and is subject to the provisions thereof.[7] There is also no dispute that Plaintiffs were employees of Athol and that they were terminated from their employment due to a "plant closing" as defined in the Act.[8] Defendants admit that each of the Plaintiffs experienced an "employment loss," that is, "an employment termination, other than a discharge for cause, voluntary departure, or retirement." 29 U.S.C. § 2101(a)(6). The court, therefore, finds that Plaintiffs are "affected employees" entitled to notice under the Act – they were all employed at Athol's only Plant and, therefore, could "reasonably be expected to experience an employment loss as a consequence of a proposed plant closing. . . ." 29 U.S.C. § 2101(a)(5). However, Athol admits it provided

---

[7] "Employer" is defined as any business enterprise that employs "100 or more employees, excluding part-time employees" or "100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of hours of overtime)." 29 U.S.C. § 2101(a)(1).

[8] "Plant closing" is defined as "the permanent or temporary shutdown of a single site of employment . . . if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees, excluding part-time employees." 29 U.S.C. § 2101(a)(2).

6

none of the Plaintiffs with a sixty-day notice of the plant closing. And, although it asserts as affirmative defenses in its answer to the amended complaint that it was not required to comply with the sixty-day notice requirement based upon the "faltering company" and "not reasonably foreseeable business circumstances" exceptions set forth in § 2102(b)(1) and (2), on the evidence before the court, a reasonable factfinder could not so conclude.

The notice Athol sent to the North Carolina Department of Commerce on March 8, 2007, does not constitute notice "to each representative of the affected employees. . . or, if there is no such representative at that time, to each affected employee" as required under § 2102(a)(1). A "representative" of the affected employees is defined under the Act as an exclusive representative of employees within the meaning of 29 U.S.C. §§ 159(a) or 158(f), or 45 U.S.C. § 152, all of which refer to collective bargaining representatives. *See* 29 U.S.C. § 2101(a)(4).

The only other evidence of a written notice is the March 16, 2007, letter sent by Athol to the Union representatives. According to Defendants, Plaintiffs were terminated between March 7 and May 4. The "notice" was, therefore, sent less than sixty days before and, in some circumstances, even after, Plaintiffs were terminated. Nevertheless, the letter is silent as to the basis for Athol's reduction of the notification period. As a result, even assuming Defendants can show that the conditions for one or both of the asserted exceptions existed, its correspondence with the Union does not satisfy the WARN Act's notice requirements and it may not rely on either exception asserted in its answer to avoid liability to Plaintiffs. *See Jamesway Corp.*, 235 B.R. at 340 ; *Grimmer v. Lord Day & Lord*, 937 F. Supp. 255, 256-57 (S.D.N.Y. 1996).

In light of the foregoing, the court will grant Plaintiffs' motion for partial summary judgment as to Athol's liability to them for violation of the WARN Act's notice requirements. However, Plaintiffs have presented no evidence demonstrating that SAI is an "employer" under the WARN Act such that it owed any duty to Plaintiffs to provide notice of the Athol Plant closing. As such, the court will deny Plaintiff's motion as to SAI.

### III. Good Faith Defense Issue

Plaintiffs also seek partial summary judgment on the issue of Athol's good faith defense asserted in its answer to the amended complaint. Where an employer has violated the notice provisions of the WARN Act, a court may, in its discretion, reduce the amount of the liability if the employer "proves to the satisfaction of the court that the act or omission that violated [the Act] was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the Act]."

29 U.S.C. § 2104(a)(4). The "good faith defense" applies only to reduce the amount of a defendant's liability after a violation of the statute has been established and is not a defense to liability under the Act. *Grimmer*, 937 F. Supp. at 258. To establish a "good faith" defense, an employer must show its subjective intent to comply with the WARN Act, as well as evidence of objective reasonableness in the employer's application of the Act. *Jamesway Corp.*, 235 B.R. at 345 (citing *Frymire v. Ampex Corp*, 61 F.3d 757, 767-68 (10th Cir. 1995); *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 561 (6th Cir. 1996)); *In re Organogenesis Inc.*, 316 B.R. 574, 588 (Bankr. D. Mass. 2004).

In this case, Plaintiffs argue that Athol has no grounds to claim that it acted in good faith. The only evidence before the court is the correspondence sent by Athol on March 8 and 16, 2007. These letters are insufficient to create a genuine issue of material fact. They do not show either Athol's subjective intent to comply with the WARN Act or the objective reasonableness of its application of the Act. Plaintiffs are therefore entitled to partial summary judgment on this issue.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment [Doc. # 56] be, and hereby is, **GRANTED** as to Defendant Athol Manufacturing Corporation's liability to Plaintiffs for violation of the notice requirements under the WARN Act and as to its lack of entitlement to a good faith defense under 29 U.S.C. § 2104(a)(4) to reduce its liability and is **DENIED** as to Defendant SAI Holdings Limited; and

**IT IS ORDERED** that a further pretrial will be held on **February 23, 2010, at 9:30 o'clock a.m.** Counsel may appear by telephone with 24 hours advance notice to the court.