**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 25 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 06-33227 |
| | ) | |
| SAI Holdings Limited, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Adv. Pro. No. 07-3066 |
| | ) | |
| James W. Adcock, Jr., et al., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Athol Manufacturing Corporation, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER REGARDING MOTION FOR PARTIAL SUMMARY JUDGMENT

This adversary proceeding is before the court on Plaintiff's unopposed Motion for Partial Summary Judgment [Doc. #65]. In their First Amended Class Action Complaint, Plaintiffs, on behalf of themselves and other employees similarly situated, allege that they were terminated from their employment at Defendant Athol Manufacturing Corporation ("Athol") due to mass layoffs and/or a plant closing and assert

claims for wages and other benefits, alleging that Defendants Athol and SAI Holdings Limited ("SAI") failed to provide adequate notice of the mass layoff and/or plant closing as required under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101-2109 (the "WARN Act" or "the Act").[1] The court certified the following plaintiff WARN Act class: "All employees of Defendants who were terminated by Defendants as part of, or as a result of, mass layoffs and/or a plant closing at an Athol Manufacturing Corp. manufacturing plant facility located in Butner, North Carolina, such mass layoff and/or plant closing and attendant terminations occurring in March 2007, and thereafter."[2] [Doc. # 37]. Defendants are debtors in jointly administered Chapter 11 cases. [Case Nos. 06-33227 & 06-33228].

On January 26, 2010, the court entered an order granting Plaintiffs' motion for partial summary judgment as to Athol's liability to Plaintiffs for violation of the notice requirements under the WARN Act codified at 29 U.S.C. § 2102 and as to Athol's lack of entitlement to a good faith defense to reduce its liability and denying Plaintiffs' motion as to SAI. Plaintiffs now move for partial summary judgment against Athol as to damages to which they are entitled under the WARN Act.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

For the reasons that follow, the court finds that Plaintiffs have not met their burden of demonstrating

---

[1] Plaintiffs also allege claims of breach of contract and of a violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.,* based on allegations that Defendants failed to pay their terminated employees earned and/or credited, but unused, vacation hours. Agreed orders allowing the employees' vacation pay claims as administrative expenses have been entered in the underlying bankruptcy case. [Case No. 06-33227, Doc. ## 1406 & 1407].

[2] The court also certified a Vacation Pay Sub-Class, the claims of which are not at issue in this motion.

the absence of a genuine issue for trial, and their motion will, therefore, be denied.

## DISCUSSION

The WARN Act provides in relevant part as follows:

> An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order –
>
> (1) to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee. . . .

29 U.S.C. § 2102(a). An employer who orders a plant closing without providing the notice required under § 2102 is liable to each employee who suffers an employment loss as a result of such closing for back pay and benefits "calculated for the period of the violation, up to a maximum of 60 days, but in no event for more than one-half the number of days the employee was employed by the employer." 29 U.S.C. § 2104(a)(1). This provision has been interpreted by the Sixth Circuit as providing statutory damages "equal to the pay the employee would have received if he or she had remained on the job each workday throughout the violation period." *Saxion v. Titan-C-Mfg, Inc.*, 86 F.3d 553, 560-61 (6th Cir. 1996). Thus, WARN Act damages are to be calculated based on the number of work days rather than calendar days within the violation period. *Id.* at 561 (rejecting the "calendar day" approach embraced by the Third Circuit in *United Steel Workers of Am. v. North Star Steel Co.*, 5 F.3d 39 (3rd Cir. 1993)).

In determining the extent of the "period of violation" in *Saxion,* the Sixth Circuit explained that "'neither the Act nor the regulations suggest that defective notice is automatically to be treated as though no notice had been provided at all.'" *Id.* (quoting *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores*, 15 F.3d 1275, 1287, n.19 (5th Cir.1994)). The court found that although the notice of plant closing provided in that case was deficient in other respects, that fact did not change the fact that ten days before the plant was closed, the affected employees clearly knew that it was going to be closed. *Id.* Thus, in calculating damages, that ten days should have been subtracted from the sixty day maximum violation period. *Id.*

In this case, Plaintiffs support their motion for partial summary judgment as to damages with three multi-columned documents entitled "HOURLY Employees WARN 'Back Pay,'" "'Headway' Employees WARN 'Back Pay,'" and "SALARIED Employees WARN 'Back Pay,'" ("Back Pay Documents") as well as a document entitled "Calculation notes" that purports to explain calculations included in the Back Pay

3

Documents. The Back Pay Documents include lists of persons that are purportedly employees of Athol,[3] and the hire dates, layoff dates, hourly rates, fourth quarter wages in 2006, and first quarter wages in 2007 for most of the persons listed, although some of the information in various entries is missing. The Back Pay Documents also include two additional columns used to calculate the final column that is entitled "60 days 'Back Pay.'" According to Plaintiffs, these documents show that they are entitled to damages in the total amount of $2,584,010.98. Plaintiffs assert in their motion that the amounts shown in the Back Pay Documents "were calculated from the best available evidence, produced by the defendant employer in July 2007, to reflect what the employee would have received had the plant remained open for 60 days and the employees worked for those 60 days. . . ." [Doc. # 65, Motion, p. 3].

While the Back Pay Documents appear to be, at least in part, summaries of employment and payroll records as is contemplated by Federal Rule of Evidence 1006, to be admissible, such summaries must be authenticated. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec,* 529 F.3d 371, 382 (7th Cir. 2008) (finding that the district court properly struck summaries that were not authenticated). Plaintiffs have not attached these documents to, or otherwise offered as an exhibit, an affidavit authenticating the Back Pay Documents. Although a party fails to respond to a motion for summary judgment, the court must nevertheless satisfy itself that the moving party has met the demands of Rule 56 before granting the motion. *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). The Sixth Circuit has ruled that documents submitted in support of a motion for summary judgment that do not meet the requirements of Rule 56(e) must be disregarded. *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir.1993). Generally, to be considered by the court at the summary judgment stage, "'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quoting *Oris v.* Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990); *see* Fed. R. Evid. 901. Unauthenticated documents such as the Back Pay Documents may not be considered by the court as they do not meet the requirements of Rule 56(e). *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). On this basis alone, Plaintiffs' motion must be denied.

Even if the court were to consider them, the Back Pay Documents fall short of demonstrating that there is no factual issue for trial regarding the total back pay for which Athol is liable. In its January 26,

---

[3] Plaintiffs include no explanation of who the "Headway" employees are or what relationship they have to Athol.

2010, decision finding Athol liable for failure to provide Plaintiffs with a sixty-day written notice as required under the WARN Act, the court noted that a notice was sent to the collective bargaining representative of Athol's production and maintenance employees that is dated March 16, 2007.  Although the court found the notice deficient in other respects, it did not address its sufficiency in notifying Plaintiffs of the fact that a mass layoff or plant closing was going to occur.  Plaintiffs' exhibits show that a significant number of hourly employees were laid off days or weeks after this notice was provided.  The instant motion does not address the adequacy of the March 16 notice or its affect on the calculation of the "period of violation" under § 2104(a)(1).  As explained in *Saxion*, a defective notice is not automatically treated as though no notice had been provided at all.  *Saxion*, 86 F.3d at 561.

Other issues not addressed in Plaintiffs' motion include the following: (1) a determination of working days versus calendar days in the violation period as required by *Saxion*; (2) the cap on an employee's damages, which must be calculated for a period of violation of "no . . . more than one-half the number of days the employee was employed by the employer," 29 U.S.C. § 2102(a)(1); (3) the basis of various assumptions on which Plaintiffs' calculations of damages are based, [*see* Doc. # 65, attached "Calculation notes"]; and (4) the relationship of "Headway" employees to Athol.

In light of the foregoing, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. # 65] be, and hereby is, **DENIED.**